IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HECTORO LOPEZ RODRIGUEZ,

Petitioner,

v. No. 1:26-cv-02311-KG-LF

MARY DE ANDA-YBARRA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Hectoro Lopez Rodriguez's Petition for a Writ of Habeas Corpus, Doc. 1, the Government's Motion to Dismiss, Doc. 6, and Petitioner's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction, Doc. 8. Petitioner proceeds pro se. *See* Doc. 1. For the reasons below, the Court grants the Government's Motion to Dismiss and dismisses the Petition without prejudice. Petitioner's Motion for a TRO and Preliminary Injunction, Doc. 8, is likewise denied.

Petitioner, a native and citizen of Mexico, last entered the United States without inspection or parole in 2020. Doc. 6 at 2.

On May 14, 2026, local law enforcement arrested Petitioner for assault. *Id.* at 9. A search of Petitioner's immigration records revealed that an immigration official had ordered him removed in 2019. *Id.* Local law enforcement therefore transferred Petitioner to Immigration and Customs Enforcement ("ICE") authorities. *Id.* at 2, 9. Petitioner remains detained at Torrance County Detention Center in New Mexico. *Id.* at 1–2, 9.

Petitioner seeks immediate release. He argues that his detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment because his removal is not reasonably foreseeable. Doc. 1 at 7–8. The Government opposes the Petition. *See* Doc. 6.

A petition for a writ of habeas corpus seeks “release from unlawful physical confinement.” *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under § 2241 if a noncitizen’s detention “violat[es] the Constitution or laws or treaties of the United States.” 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

“[T]he Government ordinarily secures [a noncitizen]’s removal during” the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen’s waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(c). During the 90-day “removal period,” the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is “reasonably necessary” to secure their removal. *Id.*; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, “once removal is no longer reasonably foreseeable, continued detention is no longer authorized.” *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen “provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,” the Government “must...rebut that showing” or release the noncitizen. *Id.* at 701. “[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s].” *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

Applying these principles, Petitioner's detention remains lawful under § 1231. Petitioner's removal order became administratively final in 2019, but local law enforcement did not apprehend him until May 14, 2026. Therefore, he has been detained for under four months. Accordingly, his detention remains within the six-month period that *Zadvydas* recognized as presumptively reasonable. 533 U.S. at 701. Petitioner may file a new habeas petition if he remains detained beyond the six-month period.

Therefore, the Court dismisses the Petition for a Writ of Habeas Corpus, Doc. 1, without prejudice. Petitioner's Motion for a TRO, Doc. 8, is likewise denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.